Edvard Garegini ISAYAN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–74139.

Agency No. A75–675–903.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 18, 2003.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Asbet A. Issakhanian, Glendale, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Wright, U.S. Department of Justice, Civil Division, Jamie M. Dowd, Office of Immigration Litigation, Ben Franklin Station—Civil Division, Regina Byrd, Attorney, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

## MEMORANDUM**

Edvard Garegini Isayan, a native of Iran and citizen of Armenia, petitions for review of the Board of Immigration Appeals' order summarily affirming the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez v. INS,* 82 F.3d 903, 907–08 (9th Cir.1996), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that Isayan failed to establish the Armenian police's mistreatment of him rose to the level of persecution. *See Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995). Moreover, the evidence in the record does not compel a finding that any mistreatment Isayan suffered, or might possibly suffer, is on account of an actual or imputed political opinion or other statutorily enumerated ground. *See Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997).

It follows that Isayan failed to satisfy the more stringent standard required to establish eligibility for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Isayan, represented by counsel, made no argument in his opening brief regarding his claim for relief under CAT. As such, he has waived his right to challenge the IJ's denial of CAT relief. *See*

---

*Martinez–Serrano v. INS*, 94 F.3d 1256, 1259, (9th Cir.1996) (issues raised in a brief which are not supported by argument are deemed abandoned).

**PETITION FOR REVIEW DENIED.**